# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS, | CASE NO. 1:09-cv-00714-GBC (PC) |
| Plaintiff, | ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | (Docs. 31, 32). |
| CALIFORNIA BOARD OF PRISON TERMS, et al., | ORDER DISMISSING ACTION WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| Defendants. | (Docs. 1, 33) |
| | ORDER DENYING PENDING MOTIONS AS MOOT |
| / | (Doc. 26) |

**I.     Procedural Background**

Plaintiff Gregory Downs ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 22, 2009. (Doc. 1). On September 11, 2009, the Court screened the complaint and dismissed the complaint with leave to amend. (Doc. 13). Plaintiff filed the first amended complaint on April 5, 2010. (Doc. 22). On July 20, 2010, and October 29, 2010, Plaintiff filed motions to file an amended complaint (Docs. 30, 32) and on November 18, 2010, Plaintiff's second amended complaint was submitted and lodged. (Doc. 33). The Court will grant Plaintiff's request to amend the complaint and screen Plaintiff's second amended complaint submitted on November 18, 2010. (Doc. 33).

///

///

1

## II.     Rule 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff may amend his pleading once as a matter of course at any time before a responsive pleading is served. Additional amendments before a responsive pleading is served can only be done by motion seeking leave of the court to amend, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Therefore, the Court will grant Plaintiff's motions to amend and permit Plaintiff's second amended complaint to be filed. (Docs. 30, 32).

## III.    Screening Order of Second Amended Complaint filed November 18, 2010

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Plaintiff, who is incarcerated at Centinela State Prison in Imperial California, brings this civil rights action against numerous members of the Board of Prison terms, prison officials, attorneys, and Kern County Superior Court Judge John I. Kelly. As relief, Plaintiff seeks injunctive relief in

the form of ordering defendants Matthew L. Cate (Secretary of the California Department of Correction and Rehabilitation ), Susan Fisher (Chair of the California Board of Prison Terms) "and all persons acting in concert with them" to reinterpret how prison sentences for certain life time sentences are calculated by not categorizing terms of seven years to life the same as fifteen years to life sentences. (Doc. 33 at 27). In the Court's order on September 11, 2009, the Court instructed Plaintiff that he needed to amend his complaint to comply with Rule 18 of the Federal Rules of Civil Procedure, since Plaintiff included several unrelated claims and defendants in the same action. (Doc. 13). Plaintiff has failed to correct these shortcoming in this current amendment. Plaintiff asserts that various defendants were responsible for erroneously sentencing him to fifteen years to life and continue to violate his rights by refusing to correct the sentencing error. (Doc. 33 at 24).

Plaintiff's other claims are difficult to decipher. (Doc. 33 at 25). Plaintiff states that Linda Lake from the Ombudsman Office in Corcoran failed to investigate the issue of a misplaced appeal and Dr. Kuberski did not read information in Plaintiff's central file. Also Dr. Luckerman violated Plaintiff's rights by using a report prepared by Dr. Kuberski to present to the California Prison Board, presumably, this claim is regarding sentencing. (Doc. 33 at 25). Plaintiff also asserts that Susan Fisher of the California Board of Prison Terms and Rufus Morris (Sacramento Deputy District Attorney) had a "clandestine meeting" to postpone Plaintiff's hearing before the California Board of Prison Terms. (Doc. 33 at 25). Additionally, Kristen Preslar (Quality Control Unit), Lori Manier (Legal Unit) and Daniel G. Moeller (Staff Counsel) "refused to intervene and produce a copy of the transcripts to enable the plaintiff to have an understanding of the December 17, 2004, clandestine meeting . . . ." (Doc. 33 at 26). Plaintiff asserts that Linn Austin, Archie Biggers and Rufus Morris of the California Board of Prison Terms violated Plaintiff's rights by refusing to enforce rule "BPT 1082" to allow Plaintiff to obtain documents to present before the Board of Prison Terms. (Doc. 33 at 26). Plaintiff also asserts that Leon R. Harris III violated Plaintiff's rights in representing Plaintiff before the Board of Prison Terms and failing to obtain the documentation that Plaintiff wanted to present. Plaintiff asserts that James Skidmore II and that Patrick Sparks, were both appointed to represent

Plaintiff before the Board of Prison Terms and both failed to obtain exculpatory evidence and Sparks also participated in the "clandestine meeting" on December 17, 2004, with Susan Fisher. (Doc. 33 at 26-27). Finally, Plaintiff states that Kern County Superior Court Judge John Kelly violated Plaintiff's rights by transferring Plaintiff's state habeas case to Sacramento. (Doc. 33 at 27).

The arguments in Plaintiff's second amended complaint largely stem from a dispute regarding the representation he received and the exculpatory documentation that he was not allowed to present in a hearing to determine the length of his sentence. (Doc. 33). Additionally, the relief he requests is an injunction ordering reassessment of his prison sentence. (Doc. 33). Plaintiff may not at this time bring a civil rights action arising from these events. Plaintiff's remedy regarding his sentence is to file a petition for writ of habeas corpus.

Accordingly, after screening Plaintiff's second amended complaint filed on November, 18, 2010, the Court HEREBY ORDERS that this action be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted under section 1983. (Docs. 1, 33). Since this action is dismissed, all pending motions in this action are DENIED as moot.

IT IS SO ORDERED.

Dated:   May 10, 2011

UNITED STATES MAGISTRATE JUDGE