# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA BOARD OF PRISON TERMS,<br>et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00714-GBC (PC)<br><br>ORDER DENYING G PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 39)<br><br>ORDER DENYING AS MOOT ALL PENDING MOTIONS<br>(Docs. 40, 41, 42) |

**I.     Plaintiff's Motion for Reconsideration**

　　**A.     Procedural History**

　　Plaintiff Gregory Downs ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 22, 2009. (Doc. 1). On September 11, 2009, the Court screened the complaint and dismissed the complaint with leave to amend. (Doc. 13). Plaintiff filed the first amended complaint on April 5, 2010. (Doc. 22). On July 20, 2010, and October 29, 2010, Plaintiff filed motions to amend the complaint (Docs. 30, 32) and on November 18, 2010, Plaintiff's second amended complaint was submitted and lodged. (Doc. 33). On May 11, 2011, the Court granted Plaintiff's request to amend the complaint, screened Plaintiff's second amended complaint submitted on November 18, 2010, and dismissed action without prejudice for failure to state a claim. (Doc. 37). On May 23, 2011, Plaintiff filed a motion for

1

1  reconsideration. (Doc. 39).

2  **B.      Reconsideration**

3  Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its
4  judgment within twenty-eight days after entry of the judgment. Fed. R. Civ. P. 59(e). 'Since specific
5  grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable
6  discretion in granting or denying the motion.' *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th
7  Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per
8  curiam)). But amending a judgment after its entry remains 'an extraordinary remedy which should
9  be used sparingly.' *Id.* In general, there are four basic grounds upon which a Rule 59(e) motion may
10 be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the
11 judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable
12 evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is
13 justified by an intervening change in controlling law. *Id.*

14 In his motion for reconsideration, Plaintiff argues that the Court did not provide him a
15 deadline to file an objection to the magistrate judge's findings and recommendations. However, on
16 May 4, 2009, Plaintiff consented to magistrate jurisdiction and, therefore, dispositive motions need
17 not be address through findings and recommendations. Local Rule 302.

18 In his motion for reconsideration, Plaintiff directs the Court to one of his previous habeas
19 actions which addressed the same issues raised in this case and where Defendants argued that the
20 action should be filed as a § 1983 action. (Doc. 39 at 1-2 citing *Downs v. California Board of Prison*
21 *Terms II*, 3:10-cv-02029-H-MDD (dismissed April 28, 2011)). Plaintiff argues that his claim is
22 appropriately a civil rights claims as it is challenging the due process he received premised on the
23 California Board of Prison Terms' failure to turn over exculpatory evidence for Plaintiff's parole
24 consideration hearings. However, Plaintiff has already brought the same claims in another § 1983
25 action in which the court dismissed Plaintiff's action as barred pursuant to *Heck v. Humphrey*, 512
26 U.S. 477 (1994). *Downs v. Sacramento Dist. Attorney Office*, No. 2:09-cv-1105-KJN, 2010 WL
27 2765895 (E.D. Cal. July 13, 2010).

28 As with this instant action, in *Downs v. Sacramento Dist. Attorney Office*:

Plaintiff alleges various due process violations in the course of various parole hearings, *primarily related to efforts to obtain exculpatory evidence for presentation at his parole hearing.* Plaintiff claims his conviction was obtained through the use of perjured testimony, but seeks monetary damages for defendants' alleged reliance on perjured testimony and Board Commissioners' failure to obtain exculpatory evidence to consider during his parole hearing in violation of his due process rights.

*Downs v. Sacramento Dist. Attorney Office*, No. 2:09-cv-1105-KJN, 2010 WL 2765895 at *1 (E.D. Cal. July 13, 2010). The court in *Downs v. Sacramento Dist. Attorney Office* distinguished the facts and findings in the case from that of the *Wilkinson v. Dotson*, 544 U.S. 74 (2005). The court *in Downs v. Sacramento Dist. Attorney Office* observed:

> The Supreme Court decision in *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), permitting a § 1983 plaintiff to challenge parole procedures, is distinguishable. In *Dotson*, the Court held that the lawsuit was permissible because the prisoner's claim did not "necessarily spell speedier release" but merely would have resulted in a new hearing. *Id.* at 82. Here, by contrast, plaintiff is asserting, essentially, that he would not have been convicted had the perjured testimony not been used, or, on the other hand, he would have been earlier paroled had the parole board received the alleged exculpatory evidence demonstrating his conviction was wrongfully obtained.

*Downs v. Sacramento Dist. Attorney Office*, No. 2:09-cv-1105-KJN, 2010 WL 2765895 at *3 (E.D. Cal. July 13, 2010).

The Court agrees with the analysis and conclusions set forth in *Downs v. Sacramento Dist. Attorney Office*, and therefore does not find reconsideration warranted in this action. Moreover, even if the Court were to grant reconsideration, the action would be barred by res judicata[1] as Plaintiff's current case re-litigates claims previously decided on the merits in *Downs v. Sacramento Dist.*

---

[1] The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). The court in *Downs v. Sacramento Dist. Attorney Office*, No. 2:09-cv-1105-KJN, made a final judgment on the merits of the case, and dismissed Plaintiff's action with prejudice. "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940). Although *Downs v. Sacramento Dist. Attorney Office*, No. 2:09-cv-1105-KJN, 2010 WL 2765895, names different defendants, the defendants are of the same Board of Prison Terms, CDCR and the Sacramento County District Attorney's Office and Defendant Susan Fisher is the same in both actions. Although Plaintiff add different facts and legal theories, *Downs v. Sacramento Dist. Attorney Office* stems from the same transactional nucleus of facts in this case. For example, both actions highlight the December 17, 2004 secret meeting and that those appointed to represent him failed to obtain exculpatory evidence. (Doc. 33 at 6, 26-27).

3

*Attorney Office*, No. 2:09-cv-1105-KJN, 2010 WL 2765895 and many of the Defendants would be dismissed on immunity grounds.[2]

Based on the foregoing, the Court HEREBY ORDERS that:

1. Plaintiff's motion to reconsider filed May 23, 2011, is DENIED (Doc. 39; and
2. All pending motions in this action are DENIED as moot (Doc. 40, 41, 42).

IT IS SO ORDERED.

Dated:   November 7, 2011

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] For example, Plaintiff cannot bring an action against Judge Ronal Tochterman since his actions stem from judicial functions and is absolutely immune. *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004).